Randall E. Talley, Sr., Appellee, v. Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company, Appellant.

### Gen. No. 7,618.

1. HIGHWAYS AND STREETS—*when railroad liable for defective highway crossing under improvement by State Highway Division.* A railroad company is liable for damages for destruction of his car and personal injuries suffered by the driver of an automobile which was wrecked by reason of the defective condition of a highway crossing, notwithstanding the crossing in question was under course of improvement by the Highway Division under contract with the defendant and was under control of that division, since that fact did not relieve defendant of its statutory duty to keep the crossing in safe and proper condition for travel.

2. DAMAGES—*excessiveness of award.* A verdict of $2,995 for personal injuries to plaintiff and property damage to an automobile resulting from the negligence of defendant is not excessive where the evidence shows that the automobile was wrecked and practically a complete loss and that plaintiff suffered severe injuries.

Appeal by defendant from the Circuit Court of Clark county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed October 26, 1923. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL M. SCHOELFIELD and JOHN J. ARNEY, for appellant; BENNETT C. CLARK, of counsel.

OLEN R. CLEMENTS and GRAHAM & SNAVELY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This appeal is prosecuted from a judgment rendered in favor of the appellee, Randall E. Talley, Sr., in the circuit court of Clark county for $2,995 against the appellant, Pittsburg, Cincinnati, Chicago & St. Louis Railroad Company. The suit was brought by the appellee to recover damages sustained by him for injuries to his person and automobile, because of al-

leged negligence of appellant in not keeping its crossing over a certain highway near the City of Marshall, called the Chicago road, in Clark county, and the approaches thereto, in a reasonably safe condition for travel. The declaration alleges that the appellant suffered loose cinders and dirt to be piled up on the road on the approaches to its crossing over appellant's tracks; and that the appellee was traveling along the road in question on the 10th day of October, 1921, in the nighttime, with his wife and children, in a touring car; and that on account of the condition referred to, his car skidded and finally plunged over an embankment and down upon appellant's railroad tracks, whereby the car was wrecked and rendered practically worthless and the appellee severely injured. The appellee testified concerning the accident: "I was driving west on National Highway between Indianapolis and Marshall; was going to my old home west of Kansas City; had started from Pittsburgh. Am familiar with defendant railroad north of Marshall, and came to it on the night of October 10, 1921; was driving south in automobile on Chicago Road; was driving my own car. * * * Was driving on concrete in middle of road 25 to 30 miles per hour, as I approached railroad, my lights showed that I was at the end of the concrete, and drove off into smooth dirt; took my foot off the excelerator and applied brakes slightly and slowed the car down; drove on smooth dirt 175 feet, going up grade; came to the edge of the end of grade presumably to start down grade, where there was nothing but a black void ahead of me, right on the edge of a precipice; had the appearance of a bridge being out; my car plunged head first; car skidded going straight south, but skidded to a condition of the road that was slanting to the left; traveled on this possibly thirty feet getting steeper and steeper towards left; the car kept skidding farther to the left until it came to a stop leaning up against a fence, then the fence crashed and down we went."

The evidence tends to sustain the averments of negligence contained in the declaration. It is insisted, as a matter of defense, that the condition of the highway and approach to the bridge was brought about by the work of the "Highway Division of the Department of Public Works" of the State, with which the appellant had a contract for improving that part of the highway where appellee's car is alleged to have skidded; and that, at the time in question, the department of the State referred to was in complete control of the improvements which were being made, and that consequently, if an unsafe condition in the highway and approach to the bridge, existed, the department of State was responsible. The fact that the department of State under contract with appellant was in control of the improvement and work would not relieve the appellant of its statutory duty to keep its crossing approaches in a safe and proper condition for travel while they were being used by the public. *Stephens v. Chicago, B. & Q. R. Co.*, 303 Ill. 39. It is also contended that the appellee was guilty of contributory negligence. This contention, however, was a question of fact for the jury. The jury found against appellant on that question and the evidence warranted the jury in their finding. We find no error in the giving of instruction No. 3 for appellee, which is complained of. Nor can the amount of damages fixed by the jury be regarded as excessive, in view of the fact that the appellee suffered almost complete loss of his car and sustained severe injuries. There is no reversible error in the record and judgment is affirmed.

*Judgment affirmed.*